The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160-5713
Dear Senator Smith:
I am writing in response to your request for my opinion on the following question, which you indicate you have submitted on behalf of the mayor of Marvell:
 Is a nonprofit organization that charges mandatory fees exempt from municipal occupation license requirements?
RESPONSE
The answer to your question will depend on the nature of the organization's activities and the scope of any city ordinance establishing the occupational licensing tax. As a general proposition, I believe cities are authorized to tax nonprofit organizations that are engaged in "any trade, business, profession, vocation, or calling" within city limits, regardless of whether the organization charges mandatory fees.
I am somewhat hampered in my analysis by the fact that your request fails to specify what type of activities the nonprofit organization conducts and what goods or services, if any, are paid for by the "mandatory fees." However, the organization's potential exposure to an occupation or privilege license tax will be controlled by the following statute:
 (a) Any city council, board of commissioners, or board of aldermen of any municipal corporation in this state shall have the power to enact, by a two-thirds (2/3) vote of all members elected thereto, ordinances requiring any person, firm, individual, or corporation who shall engage in, carry on, or follow any trade, business, profession, vocation, or calling, within the corporate limits of the city or town, to pay a license fee or tax, except such persons, firms, individuals, or corporations who pay a tax to the city, town, or state on gross incomes or premium incomes and except their agents.
* * *
 (c) The license charged and collected shall be for the privilege of doing business or carrying on any trade, profession, vocation, or calling in the city where the trade, business, profession, vocation, or calling is situated, to take out and procure a license therefor and pay into the city or town treasury before receiving it such a sum or amount of money as may be specified by the ordinance for the license and privilege.
 (d) The council or boards shall have the right to classify and define any trade, business, profession, vocation, or calling and to fix the sum or amount any person, firm, individual, or corporation shall pay for the license required for the privilege of engaging in, carrying on, or following any trade, business, vocation, or calling, based on the amount of goods, wares, or merchandise carried in stock in any business, or the character and kind of trade, business, profession, vocation, or calling. However, no classification shall be based upon earnings or income.
A.C.A. § 26-77-102. On the face of this statute, any city or town is authorized to tax "any trade, business, profession, vocation, or calling, within the corporate limits of the city or town," based on the size of its merchandise inventory or the character of its activities so long as the organization is not already taxed based on its earnings or income.
In the enclosed Ark. Op. Att'y Gen. No. 2001-087, I recently opined that a nonprofit charitable organization might generally be subjected to a privilege tax despite the organization's eleemosynary purposes, given that its activities might logically be classified as a "vocation" or "calling."[1] Assuming these descriptions would likewise apply to the organization at issue in your request — an assumption that would clearly be warranted if, as seems logical, the "mandatory fees" were charged in exchange for some provision of goods or services — I believe the organization would be potentially subject to privilege taxation.
As suggested above, in order to answer the mayor's question about this particular situation, one would need to review the nature of the nonprofit organization's activities in light of any municipal occupational licensing ordinances, including ordinances, if any, setting forth exemptions to the tax. I am neither equipped nor authorized to conduct such a factual inquiry and consequently can do no more than set forth the general principles discussed above and in my recent enclosed opinion on this issue.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] I also noted that a city is free to exempt charitable organizations from the scope of its privilege tax ordinance. See Bates v. City ofLittle Rock, 361 U.S. 516, 525-27 (1960).